UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK DEWAYNE LEE,

        Petitioner,

                              CASE NO. 08-CV-12257

v.

                              HONORABLE STEPHEN J. MURPHY, III

NICK J. LUDWICK,

        Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT, DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY
<u>AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.  Introduction**

      Roderick DeWayne Lee ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  Petitioner was convicted of conspiracy to possess with intent to deliver more than 650 grams of cocaine, Mich. Comp. L. § 333.7401, following a joint trial with co-defendants Shedrick Lee and Demar Garvin (same jury) and Joe Abraham (separate jury) in the Oakland County Circuit Court in 2001.  He was sentenced to 30 to 60 years imprisonment.  In his pleadings, he raises claims concerning the effectiveness of trial and appellate counsel, the denial of counsel of choice, newly-discovered evidence, prosecutorial misconduct, abuse of trial court discretion, his sentencing, the Michigan Court of Appeals' reversal of a new trial grant,

1

and the Michigan Supreme Court's refusal to consider a late application for leave to appeal.

This matter is before the Court's on Respondent's motion for summary judgment seeking dismissal of the petition as untimely. For the reasons set forth, the Court grants Respondent's motion and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II.  Facts and Procedural History

Petitioner's conviction arises from drug dealing that occurred between 1985 and 1998 in Oakland County, Michigan. Following his conviction, but prior to sentencing, Petitioner moved for a new trial on a jury instruction issue. The trial court granted the motion, but the prosecution appealed. The Michigan Court of Appeals reversed the trial court's decision. *See People v. Lee*, No. 239229, 2002 WL 31955140 (Mich. Ct. App. Dec. 17, 2002) (unpublished). The trial court sentenced Petitioner on February 10, 2003. Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Lee*, 468 Mich. 916, 662 N.W.2d 753 (May 20, 2003).

Petitioner then filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the composition of the grand jury, the effectiveness of trial counsel, and the sentencing procedures. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Lee*, No. 248427, 2004 WL 2914207 (Mich. Ct. App. Dec. 14, 2004) (unpublished). Petitioner attempted to file an application for leave to appeal with the Michigan Supreme Court, but his application was rejected

as untimely. The Court informed of the rejection in letters dated February 28, 2005 and March 23, 2005.

Petitioner submitted a motion for relief from judgment and supporting brief totaling 89 pages to the state trial court pursuant to Michigan Court Rule 6.500 *et seq.* which was received on January 24, 2006 and filed on January 31, 2006. In his motion, he raised claims concerning the denial of counsel of choice, newly-discovered evidence of actual innocence, prosecutorial misconduct, of ineffective assistance of trial and appellate counsel, abuse of discretion by the trial court, and his sentencing. Petitioner also attached exhibits indicating that the 20-page limitation on motions does not apply to 6.500 motions. The trial court treated the request as a motion to exceed page limitation. The court denied the request and instructed Petitioner that he could file an amended motion and brief not to exceed 25 pages combined. *See People v. Lee*, No. 99-166151-FC (Oakland Co. Cir. Ct. Feb. 28, 2006) (unpublished). Petitioner filed an application for leave to appeal this decision with the Michigan Court of Appeals. In lieu of granting leave to appeal and based upon a new court rule enacted June 28, 2006 and effective September 1, 2006, the court issued an order remanding the case to the trial court to allow Petitioner to file a motion and brief not to exceed 50 pages. *See People v. Lee*, No. 268971 (Mich. Ct. App. Aug. 23, 2006) (unpublished).

On September 20, 2006, Petitioner re-filed his motion for relief from judgment in the trial court in compliance with the remand order. The trial court thereafter denied the motion pursuant to Michigan Court Rule 6.508(D)(3). *See People v. Lee*, No. 99-166151-FC (Oakland Co. Cir. Ct. Jan. 3, 2007). Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to

meet the burden of establishing entitled to relief under MCR 6.508(D)." *See People v. Lee*, No. 278054 (Mich. Ct. App. Oct. 23, 2007) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Lee*, 480 Mich. 1075, 744 N.W.2d 151 (Feb. 19, 2008).

Petitioner, through counsel, filed his federal petition for writ of habeas corpus on May 23, 2008. Respondent filed the present motion for summary judgment on December 11, 2008. Petitioner, through counsel, filed a reply to Respondent's motion, contending that his petition is timely, on January 5, 2009.

### III. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his or her favor. *Sanders*, 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *See, e.g., Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## IV.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996.  The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence on December 14, 2004. Petitioner then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(3); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). He did not do so. Accordingly, his conviction became final, for purposes of § 2244(d)(1)(A), on February 8, 2005 when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).

Petitioner contends that his conviction did not become final, and the statute of limitations did not begin to run, for another 90 days – the time period in which he believes that he could have filed a petition for writ of certiorari with the United States Supreme Court. Normally, direct review of a state court conviction includes the time for filing a petition for writ of certiorari with the United States Supreme Court such that the one-year statute of limitations does not begin to run until the 90-day time period for filing a such a petition has expired. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. Rule 13(1). Here, however, Petitioner is not entitled to have the 90 days added to the calculation of the limitations period because his failure to file a timely application for leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari. *See* S. Ct. Rule 13(1) (providing that a petition for certiorari must challenge "a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals" and that a petition for certiorari "seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort" is timely when filed within 90 days

6

"after entry of the order denying discretionary review"); *see also Wyatt v. Hofbauer*, No. 07-CV-12896, 2008 WL 3834086, *3 n. 4 (E.D. Mich. Aug. 13, 2008) (Friedman, J. adopting Magistrate Judge's Report and Recommendation); *Gordon v. Davis*, No. 06-CV-11882, 2007 WL 4327779, *3 n. 2 (E.D. Mich. Dec. 7, 2007) (Edmunds, J.); *accord Walker v. Van Boeniing*, No. C08-1076-RAJ, 2008 WL 5377678, *3 (W.D. Wash. Dec. 15, 2008); *Coker v. Mooney*, No. 05-1166, 2006 WL 2439410, *5, n. 2 (D. Minn. Aug. 22, 2006); *Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1272-73, n. 5 (D. Hawaii 1999) (citing *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)). Because Petitioner did not timely seek leave to appeal with the Michigan Supreme Court, his conviction became final at the conclusion of the 56-day period for doing so – on February 8, 2005.

Petitioner was thus required to file his habeas petition on or before February 8, 2006, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court, at the earliest, on January 24, 2006. At that point, 350 days of the one-year period had run. The Court notes that there is some dispute about whether this motion was properly filed given the length of Petitioner's documents and the trial court's order denying his request to exceed the page limitation. For purposes of this opinion, however, the Court shall assume that Petitioner's motion was properly filed and remained pending the Michigan courts until the Michigan Supreme Court denied leave to appeal on February 19, 2008. The one-year period was thus tolled until that date. The one-year period resumed running the next day, *see Lawrence*, 549 U.S. at 332-34 (holding that the 90-day period

for seeking certiorari to the Supreme Court following state post-conviction review does not toll the one-year limitations period), and expired 15 days later, on or about March 5, 2008. Petitioner, through counsel, filed his habeas petition on May 23, 2008. Thus, the one-year limitations period expired well before he filed his petition. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). His petition is therefore untimely.

Petitioner does not allege that the State created an impediment to the filing his habeas petition or that his claims are based upon newly-created rights or newly-discovered facts in reply to Respondent's summary judgment motion. In his petition, he asserts that Eric Lee's affidavit recanting his preliminary examination testimony (which was admitted at trial when Eric Lee invoked his Fifth Amendment privilege and refused to testify) is "newly-discovered." Petitioner, however, has not shown that his habeas claims are based upon newly-discovered facts. In such a case, the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The time commences when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Id*. The start of the limitations period does not await the collection of evidence to support the facts. *Id.* Here, the record reveals that Petitioner was aware of the factual

8

predicate underlying his habeas claims at the time of trial and/or his direct appeal. First, Eric Lee refused to testify at trial. Second, Petitioner acknowledges that Eric Lee's recantations were presented in his appeal of right in 2003. Petitioner was thus well aware of the factual basis for his habeas claims before the expiration of the one-year limitations period set forth at 28 U.S.C. § 2244(d), but did not file his petition in a timely manner.

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth circumstances which caused him to file his federal habeas petition after the expiration of the one-year period. The fact that he is untrained

9

in the law, was proceeding without a lawyer for some proceedings, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Dunlap, supra*.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable

10

doubt." *House*, 547 U.S. at 538.  Moreover, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  The Sixth Circuit has recognized that the actual innocence exception should "remain rare" and only be applied in the "extraordinary case."  *Souter*, 395 F.3d at 590 (quoting *Schlup,* 513 U.S. at 321).

In reply to the Respondent's summary judgment motion, Petitioner does not assert that he is entitled to equitable tolling based upon actual innocence.  To the extent that he makes such a claim in his habeas petition, he relies upon Eric Lee's recantation and his own polygraph examination in which he denies participating in illegal drug activity.  Eric Lee's recanting statements are not particularly reliable given his familial relationship to Petitioner (nephew and uncle) and the fact that affidavits by witnesses recanting their testimony are viewed "with extreme suspicion."  *United States v. Willis*, 257 F.3d 636, 645-46 (6th Cir. 2001); *United States v. Chambers*, 944 F.3d 1253, 1264 (6th Cir. 1991).  Furthermore, Eric Lee's recantation, even if believed, does not rule out Petitioner's involvement in illegal drug activity.  The prosecution presented other evidence at trial which supported the jury's verdict, including testimony by Helen Alexander, Ralph McMorris, and Lamark Northern and the admissions of co-defendant Joe Abraham.  As to Petitioner's polygraph examination, such results are generally inadmissible and unreliable.  *See King v. Trippett*, 192 F.3d 517, 523-24 (6th Cir. 1999) (citing *United States v. Scheffer*, 523 U.S. 303 (1998)); *see also People v. Barbara*, 400 Mich. 352, 255 N.W.2d 171 (1977).  Additionally, Petitioner's own self-serving assertions of innocence are insufficient to support an actual innocence claim.  "A reasonable juror surely could discount [a petitioner's] own testimony in support of his

11

own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner has not shown that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period. His petition is untimely.

## V. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he is not entitled to statutory or equitable tolling of the one-year period, and that the statute of limitations precludes review of the petition. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted.  *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case and any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** a certificate of appealability and **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  September 28, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager